FRUGÉ, Judge.
Plaintiff has appealed from a judgment of the lower court awarding him $500.00 for damages and personal injuries as a result of an automobile accident on September 4, 1963, with a car being driven by Whitney Bernard and insured by Employers Fire Insurance Company.
Plaintiff’s appeal is based on the alleged inadequacy of the judgment. Defendants have answered this appeal alleging that plaintiff failed to show any causal connection between his complaints of personal injury and the automobile accident of September 4, 1963.
While the facts are somewhat in dispute, we believe the record clearly establishes the negligence of the defendant Bernard as the proximate cause of the automobile collision.
The accident occurred on a sharp curve when the defendant Bernard reached over to grab a child who was riding with him in the car and who he thought was about to open the car door. When he did this, his car veered slightly over the center line and sideswiped the approaching car of the plaintiff Lucas.
Both cars suffered some damages in the accident (Lucas’ car suffered $285.91 in damages) and defendant concedes on appeal the award of the lower court to plaintiff for his automobile damages.
The principal issues for this court to decide are whether or not the judgment of the-lower court awarding $500.00 for personal injuries to the plaintiff amounts to manifest error, and if the lower court erred in finding a causal connection between the injury complained of and the automobile accident.
No citation of authority need be given for the proposition that this court will not disturb, on appeal, a money judgment awarded by the trial court without a clear showing of manifest error.
The record reveals that immediately after-the accident the state trooper investigating the accident asked the plaintiff if he was injured and plaintiff stated that he ached somewhat but did not think it to be severe and he thought he would be all right. The morning after the accident he did complain-to his wife of pain in the neck region due to-the accident.
Plaintiff did not see a physician until 59' days after the accident. X-rays and objective findings were negative but he continued to see his doctor on four separate occasions, and on July 24, 1964, Dr. Davis, prescribed a neck brace which plaintiff was. to use with weights.
Dr. Davis’ diagnosis of plaintiff’s condition resulting from the September, 1963, automobile accident was “a minimum neck, sprain” superimposed upon an arthritic condition which preceded the September accident. Dr. Davis stated in his deposition-, that it was his opinion that the injury suffered by the plaintiff would gradually sub, *89 ■side, probably taking several months for it to completely disappear.
Defendants’ medical expert, Dr. D. M. Kingsley, an orthopedic specialist, testified that had the plaintiff sustained a cervical sprain or strain, it would have manifested itself immediately.
Having considered the record as a whole, we cannot say the lower court erred in finding a causal connection between plaintiff’s complaint of personal injury and the accident of September, 1963.
Therefore, this court concludes that the tj>500.00 awarded to Lucas, considering the minimum extent of the injury and the other factors and circumstances of this case, is adequate and not in error. See Ulmer v. Travelers Insurance Co., La.App. 1 Cir., 156 So.2d 98, and Cutrer v. Travelers Indemnity Co., La.App., 170 So.2d 693.
Costs of this appeal are taxed to the ap-pellee.
Affirmed.